IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NICK PFEIFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 12-cv-2485-JAR-JPO |
| | ) |
| UNION PACIFIC RAILROAD CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On July 30, 2012, Plaintiff Nick Pfeifer filed a whistleblower retaliation claim under the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20109(d), against Defendant Union Pacific Railroad Company. On September 4, 2012, Defendant filed a Motion to Dismiss (Doc. 5), pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), which is currently before the Court. Defendant argues that Plaintiff's claim is barred by res judicata, that the Court lacks jurisdiction over Plaintiff's claim, and that Plaintiff's claim is barred because he acted in bad faith in his dealings with the Occupational Safety and Health Administration ("OSHA"), of the United States Department of Labor ("DOL"). The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court denies the motion.

**I. Legal Standard**

The Court evaluates Defendant's jurisdictional claim under Rule 12(b)(1). Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[1] A court lacking jurisdiction must dismiss the case, regardless of the stage

---

[1] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); *see United States v. Hardage,* 58 F.3d 569, 574 (10th Cir. 1995) ("Federal courts have limited jurisdiction, and they are not omnipotent. They draw their jurisdiction from the powers specifically granted by Congress, and the Constitution, Article III, Section 2, Clause 1.") (internal

of the proceeding, when it becomes apparent that jurisdiction is lacking.[2] The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.[3] "Thus, plaintiff bears the burden of showing why the case should not be dismissed."[4] Mere conclusory allegations of jurisdiction are not enough.[5]

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[6] "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."[7]

The Court evaluates Defendant's non-jurisdictional arguments under Rule 12(b)(6), which provides a vehicle for a party to challenge the legal sufficiency of a claim. The

---

citations omitted).

[2]*Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

[3]*Montoya*, 296 F.3d at 955.

[4]*Harms*, 146 F. Supp. 2d at 1130.

[5]*United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[6]*Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

[7]*Holt*, 46 F.3d at 1003 (citing *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003).

requirements underlying the legal sufficiency of a claim stem from Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[9] "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[10] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[11] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[12] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[13]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[14] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth,

---

[8]Fed. R. Civ. P. 8(a).

[9]*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[10]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original).

[11]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[12]*Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[13]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[14]*Id.*

or merely legal conclusions that are not entitled to an assumption of truth.[15] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[16] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

**II. Factual Allegations**

The following facts are alleged in Plaintiff's Complaint and construed in the light most favorable to Plaintiff. At all times relevant to this case, Plaintiff worked for Defendant. Plaintiff alleges that Defendant violated the provisions of the FRSA, which prohibit railroad carriers engaged in interstate commerce from discharging, demoting, suspending, reprimanding, or in any way discriminating against an employee for good-faith reporting of a hazardous safety condition. Plaintiff reported rough track, a hazardous safety condition, with four calls to Defendant's safety hotline in July and August 2010. After the first call, Defendant began discouraging plaintiff from exercising his right to report hazardous safety conditions through a variety of actions, including disciplinary threats, increased frequency evaluations, negative evaluations, an unpaid, five-day disciplinary suspension, and public humiliation.

On September 9, 2010, Plaintiff filed an FRSA whistleblower complaint with OSHA, in the DOL, alleging that Defendant took retaliatory action against Plaintiff for the protected activity described herein. Under the FRSA, a whistleblower complaint generally terminates

---

[15]*Id.* at 679.

[16]*Id.*

[17]*Id.* at 678.

4

when the Secretary of Labor issues a final decision, resolving the complaint.[18] In November 2010, Plaintiff filed an amended complaint with OSHA, detailing additional retaliation. After an investigation, the Assistant Secretary of Labor issued findings in Plaintiff's favor, and Defendant timely objected. Pursuant to DOL rules and procedure, discovery was conducted by the parties after which a hearing was held before an Administrative Law Judge (ALJ), on March 27–29, 2012, in Kansas City, Kansas. The hearing included three days of testimony, multiple exhibits, and post-trial briefs. On July 11, 2012, the ALJ issued a thirty-four page Decision and Order Dismissing the Complaint against Defendant. Pursuant to the Notice of Appeal Rights, Plaintiff filed a Petition for Review with the Administrative Review Board ("ARB") on July 20, 2012. On July 24, 2012, the ARB accepted the Complainant's Petition for Review and established a briefing schedule; the ARB's acceptance kept the ALJ's decision from becoming the Secretary of Labor's final decision.

On August 7, 2012, Plaintiff sent to the ARB and Defendant a Notice of Intent to file an original action in United States District Court based on the same allegations address by the ALJ. On July 30, 2012, eight days prior to serving his notice of intent, Plaintiff filed his Complaint in the United States District Court for the District of Kansas.

## III. Discussion

Defendant argues that Plaintiff's complaint is barred by *res judicata*, that the Court lacks jurisdiction over Plaintiff's claim, and that Plaintiff's claim is barred because he acted in bad faith to prevent the Labor Secretary from issuing a final decision. The Court will first address Defendant's argument that it lacks jurisdiction, because, if the Court lacks jurisdiction, it must

---

[18] 49 U.S.C. § 42121.

dismiss the case and could not consider the res judicata and bad faith arguments.

### A. *Jurisdiction*

Plaintiff filed suit pursuant to 49 U.S.C. § 20109 (d), which confers jurisdiction on the Court:

> (1) In general. An employee who alleges discharge, discipline, or other discrimination in violation of subsection (a), (b) or (c) of this section, may seek relief in accordance with the provisions of this section, with any petition or other request for relief under this section to be initiated by filing a complaint with the Secretary of Labor.
> . . .
> (3) De novo review. With respect to a complaint under paragraph (1), if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

Defendant argues that this Court lacks jurisdiction pursuant to 29 C.F.R. § 1982.114, a regulation promulgated by the DOL. The regulation states:

> (a) If there is no final order of the Secretary, 210 days have passed since the filing of the complaint, and there is no showing that there has been delay due to the bad faith of the complainant, the complainant may bring an action at law or equity for de novo review in the appropriate district court of the United States, which will have jurisdiction over such an action without regard to the amount in controversy.
> (b) Fifteen days in advance of filing a complaint in Federal court, a complainant must file with the Assistant Secretary, the ALJ, or the ARB, depending upon where the proceeding is pending, a notice of his or her intention to file such complaint. The notice must be served on all parties to the proceeding. A copy of the notice must be served on the Regional Administrator, the Assistant Secretary, Occupational Safety and Health Administration, and on the Associate Solicitor, Division of Fair Labor Standards, U.S. Department of Labor. The

> complainant shall file and serve a copy of the district court complaint on the above as soon as possible after the district court complaint has been filed with the court.

The parties agree that Plaintiff filed a notice of intent to sue in federal court only after he had already filed suit in this Court, and Defendant suggests that this failure strips the Court of jurisdiction.

The Court has not found any decision addressing 29 C.F.R. § 1982.114, and the parties cite none. Defendant suggests that "a federal district court does not have jurisdiction over a whistleblower claim unless the plaintiff has fully followed the administrative procedures outlined by the whistleblower statutes and regulations," citing *Nieman v. Nationwide Mutual Insurance Company*[19] and *Murray v. TXU Corporation.*[20] But neither cases addresses the notice requirement. Both cases hold that a potential plaintiff must follow the administrative procedure before filing in federal court but make clear that the procedure referenced is only the act of filing a claim with the agency. These cases do not address the broader question of whether an agency has the power to limit the jurisdiction of a federal court.

Certainly, in some cases an agency may prescribe the form and contents of notice required for district court jurisdiction. For example, under the Clean Water Act, a potential plaintiff may not commence a citizen suit without giving notice pursuant to 33 U.S.C. § 1365(b). And 33 U.S.C. § 1365(b) provides that "[n]otice under this subsection shall be given in such manner as the [Environmental Protection Agency (EPA)] Administrator shall prescribe by regulation." Thus the Tenth Circuit has held that notice failing to meet EPA's regulatory

---

[19] 706 F. Supp. 2d 897, 907 (C.D. Ill. 2010).

[20] 279 F. Supp. 2d 799, 802 (N.D. Tex. 2003).

7

requirements fails give a district court jurisdiction.[21] But the Court has found no instance where a federal regulation is able to limit a district court's jurisdiction without a statutory basis for that regulation. Here, the statute contains no reference to a notice requirement, and thus the regulation has no statutory basis in the law.

To put this analysis into the *Chevron* framework,[22] the regulation fails on the first step. Under the first step of Chevron, the Court determines "if the statute is silent or ambiguous with respect to the specific issue."[23] Silence alone, however, does not mean that the statute empowers the agency to interpret the law. "The agency's interpretation is relied upon only if the statute's silence or ambiguity 'has left a gap for the agency to fill.'"[24] Here, there is silence, but there is no gap. The statute gives federal courts jurisdiction to hear whistleblower claims de novo under certain circumstances, and when those circumstances are met, the agency may not strip the courts jurisdiction by adding additional requirements. If an agency inherently had any power as to which the statute is silent, agency power would find few limits.

This holding draws additional support from the Supreme Court's recent instruction in *Union Pacific Railroad v. Brotherhood of Locomotive Engineers*,[25] that an administrative agency may not contract the jurisdiction granted to it by Congress. If an agency may not contract its

---

[21]*Karr v. Hefner*, 475 F.3d 1192, 1200–01 (10th Cir. 2007).

[22]*Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

[23]*Id.* at 843.

[24]*United States v. Farnsworth*, 92 F.3d 1001, 1007 (10th Cir. 1996); *see also Prestol Espinal v. Attorney Gen. of the United States*, 653 F.3d 213, 221 (3d Cir. 2011) ("statute's silence on a given issue does not confer gap-filling power on an agency unless the question is in fact a gap—an ambiguity tied up with the provisions of the statute.").

[25]558 U.S. 67 (2009).

own jurisdiction, absent statutory authorization, it certainly cannot contract the jurisdiction given to the federal courts by Congress.

The Court does not lack jurisdiction due to a lack of notice to the DOL.

### *B. Bad Faith*

The Court construes Defendant's bad faith argument as an argument that the Court lacks jurisdiction to hear Plaintiff's claim because he allegedly acted in bad faith. The jurisdictional nature of this argument is not clear on its face, but, in essence, Defendant argues that Plaintiff does not meet the requirements outlined for removal to federal court, in 49 U.S.C. § 20109(d), which, if true, would strip the Court of its jurisdiction.

To review, a plaintiff may bring a whistleblower claim to federal court "if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and *if the delay is not due to the bad faith of the employee*."[26] Defendant argues that the decision was not final "because Plaintiff appealed it to the ARB, presumably with no intention of actually following through on that appeal,"[27] but rather solely to prevent the decision from becoming a final decision. Defendant suggests that this constitutes bad faith. Defendant also notes that Defendant twice agreed to extensions of time during the ALJ proceeding, for discovery purposes, and suggests that, "When Plaintiff entered the joint motions for extension of time to conduct discovery, he was, in effect, agreeing not to file his complaint in Federal court until *after* that discovery had been completed and *after* the ALJ hearing had been held."[28] Defendant suggests

---

[26] 49 U.S.C. § 20109(d)(3).

[27] Doc. 5 at 24.

[28] Doc. 15 at 21.

9

that failure to adhere to this alleged agreement was bad faith.

The Court has reviewed the proceedings at the OSHA and has found no evidence of bad faith. The 210 days expired before the Assistant Secretary even issued the preliminary findings, and Plaintiff could have removed at any point after the 210 days elapsed. The joint motions for an extension of time delayed the proceedings no more than a month or two in total, and in any event contain no hint of a suggestion that Plaintiff would not remove the case. The Court understands Defendant's frustrations with the process of litigating this case in front of the ALJ and now having to re-litigate it in federal court, but this duplicity results from OSHA's timing, not from any bad faith on the Plaintiff's part. Plaintiff has removed this action, as authorized by statute, and has not shown any "[d]ishonesty of belief or purpose,"[29] as a bad faith finding would require. Defendant's suggestion, that Plaintiff "presumably" had no intention of actually following through on that appeal, has no factual support in the record. And, even if it did, filing a protective appeal to maintain his right of removal to federal court would not be indicative of bad faith.

The Court finds that it does not lack jurisdiction due to Plaintiff's alleged bad faith.

### C. Res judicata

Finally, Defendant argues that the ALJ's determination is entitled to a res judicata effect, which would prevent Plaintiff from bringing the same claims in district court. As Defendant suggests, "[i]t is now well settled that facts found administratively can have a preclusive effect in later legal proceedings."[30] "When an administrative agency is acting in a judicial capacity and

---

[29]BLACK'S LAW DICTIONARY, "bad faith" (9th ed. 2009).

[30]*Fransen v. Conoco, Inc.*, 64 F.3d 1481, 1493 (10th Cir. 1995).

resolved disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."[31] But, because Plaintiff has removed this action, as authorized by statute, the Secretary of Labor has not issued a final decision. Although the Tenth Circuit has not addressed the question, all the circuits that have done so have determined that administrative decisions that are not final decisions do not have a res judicata effect.[32] The Restatement (Second) of Judgments agrees with this proposition.[33] This Court will follow the weight of precedent and hold that a non-final agency decision is not entitled to a res judicata effect.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 5) is DENIED.

**IT IS SO ORDERED.**

Dated: April 3, 2013

                                                   S/ Julie A. Robinson
                                                   JULIE A. ROBINSON
                                                   UNITED STATES DISTRICT JUDGE

---

[31] *U.S. v. Utah Const. & Min. Co.*, 384 U.S. 394, 421 (1966)

[32] *Aunyx Corp. v. Canon U.S.A., Inc.*, 978 F.2d 3, 7 (1st. Cir. 1992) (holding that decisions of administrative agencies are entitled to res judicata effect only when they are final decisions); *Sterling Drug Inc. v. Weinberger*, 509 F.2d 1236, 1241 (2d Cir. 1975) (holding that only a final agency decision can be res judicata); *Coca-Cola Co. v. F.T.C.*, 475 F.2d 299, 304 (5th Cir. 1973) (holding that "[a] contention of res judicata is not cognizable by courts until administrative proceedings are at an end"); *Anthan v. Prof'l Air Traffic Controllers Org.*, 672 F.2d 706, 709 (8th Cir. 1982) (holding that an administrative adjudication will constitute collateral estoppel only after there was a final judgment on the merits); *United States v. Dann*, 572 F.2d 222, 226 (9th Cir. 1978) (holding that res judicata is inapplicable to an administrative decision when no final judgment has been entered, even though the only step left for the agency to make the decision final was the filing of the decision with Congress). *But see City of Mishawaka, Ind. v. Am. Elec. Power Co.*, 465 F. Supp. 1320, 1336 (N.D. Ind. 1979) (holding that a lack of finality deprived an ALJ decision of res judicata effect, but nonetheless giving the ALJ decision "considerable deference" and finding that "the facts found by [the ALJ] are prima facie evidence of the truth of those matters").

[33] Restatement (Second) of Judgments § 83 (1982) (noting that, "[a]n adjudicative determination by an administrative tribunal is conclusive under the rules of res judicata only insofar as the proceeding resulting in the determination entailed the essential elements of adjudication, including . . . A rule of finality, specifying a point in the proceeding when presentations are terminated and a final decision is rendered.").