**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| NICK PFEIFER, | ) |
| Plaintiff, | ) |
| v. | )  12-cv-2485-JAR-JPO |
| UNION PACIFIC RAILROAD CO., | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This is a whistleblower retaliation action under the Federal Rail Safety Act ("FRSA"), 49 U.S.C. § 20109(d). Union Pacific moved for summary judgment (Doc. 37) on the basis that Plaintiff's claim is barred by the election of remedies provision of 49 U.S.C. 20109(f) and the doctrine of res judicata. The motion is fully briefed and the Court is prepared to rule. As described more fully below, the Court denies Union Pacific's motion.

**I.   Legal Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[1] In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[2] "There is no genuine issue of material fact unless the evidence, construed in the light most favorable to the nonmoving party, is such that a reasonable jury could return a verdict for the nonmoving party."[3] A fact is "material" if, under

---

[1] Fed. R. Civ. P. 56(a).

[2] *City of Harriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

[3] *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

the applicable substantive law, it is "essential to the proper disposition of the claim."[4] An issue of fact is "genuine" if "'the evidence is such that a reasonable jury could return a verdict for the non-moving party.'"[5]

The moving party initially must show the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[6] In attempting to meet this standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.[7]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."[8] The nonmoving party may not simply rest upon its pleadings to satisfy its burden.[9] Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[10] To accomplish this, the facts "must be

---

[4]*Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc*., 144 F.3d 664, 670 (10th Cir. 1998)).

[5]*Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

[6]*Spaulding v. United Trasp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[7]*Adams v. Am. Guar. & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[8]*Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324; *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[9]*Anderson*, 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

[10]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671); *see Kannady*, 590 F.3d at 1169.

identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."[11]  Rule 56(c)(4) provides that opposing affidavits must be made on personal knowledge and shall set forth such facts as would be admissible in evidence.[12]  The non-moving party cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation."[13]

The defendant has the burden of proof on the affirmative defense, and thus in moving for summary judgment on the affirmative defense, "[t]he defendant . . . must demonstrate that no disputed material fact exists regarding the affirmative defense asserted."[14]  Once the defendant makes this initial showing, "the plaintiff must then demonstrate with specificity the existence of a disputed material fact."[15]  If the plaintiff cannot meet this burden, "the affirmative defense bars [her] claim, and the defendant is then entitled to summary judgment as a matter of law."[16]  In determining whether summary judgment is proper, the evidence must be viewed in the light most favorable to the non-moving party.[17]

Finally, summary judgment is not a "disfavored procedural shortcut;" on the contrary, it is an important procedure "designed to secure the just, speedy and inexpensive determination of

---

[11]*Adams*, 233 F.3d at 1246.

[12]Fed. R. Civ. P. 56(c)(4).

[13]*Id*.; *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (citation omitted).

[14]*Hutchinson v. Pfeil,* 105 F.3d 562, 564 (10th Cir.1997).

[15] *Id.*

[16]*Id.*

[17]*Duvall v. Ga.-Pac. Consumer Prods., L.P.,* 607 F.3d 1255, 1259 (10th Cir. 2010).

every action."[18]  In responding to a motion for summary judgment, "a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial."[19]

## II.     Uncontroverted Facts

The following facts are uncontroverted or stipulated to by the parties, and all reasonable inferences are drawn in favor of Plaintiff as the non-movant.[20]  Plaintiff was employed by Union Pacific as a train conductor.  On October 20, 2010, several Union Pacific managers conducted a testing event on Plaintiff's train, which included reviewing Plaintiff's Conductor's Report, and determining whether Plaintiff's train had exceeded the scope of its authority given by the track warrant.  Based on the investigation, Plaintiff was charged with violations related to his Conductor's Report.  Union Pacific held an evidentiary investigative hearing on November 3, 2010, at which Plaintiff was allowed to call witnesses and submit evidence.  Plaintiff testified at the hearing that he was targeted for testing because he reported safety issues.  After the hearing, the superintendent issued a Notice of Discipline and five-day suspension without pay, for failure to "comply with instructions to properly fill out [the] conductors log form after multiple prior coaching opportunities for failure to log required entries."[21]  Plaintiff's union appealed the suspension to the Public Law Board (the "PLB").  The PLB found in favor of Plaintiff and compensated him for his suspension and the day spent in the investigative hearing.

---

[18]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[19]*Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

[20]The Court does not consider facts presented by the parties that the record does not support or that are not relevant to the legal issues presented.  Nor does the Court consider legal arguments included in the parties' statements of fact.

[21]Doc. 39, Ex. 8.

On September 9, 2010, about six weeks before the October 20 testing event, Plaintiff filed an FRSA whistleblower complaint with the Occupational Health and Safety Administration ("OSHA action"), an agency of the United States Department of Labor ("DOL"). After an investigation, the Assistant Secretary of Labor issued findings in Plaintiff's favor, and Union Pacific timely objected. Pursuant to DOL rules and procedure, an Administrative Law Judge ("ALJ") conducted a three-day evidentiary hearing from March 27–29, 2012. On July 11, 2012, well over 210 days after Plaintiff filed the complaint with OSHA, the ALJ issued a Decision and Order finding in favor of Union Pacific.

On July 20, 2012, Plaintiff filed a Petition for Review with the Administrative Review Board ("ARB"). On July 30, 2012, prior to serving his notice of intent to file an original action in United States District Court with the ARB, Plaintiff filed his Complaint before this Court. On August 14, 2012, the ARB received Plaintiff's notice of intent to file an original action. On November 19, 2012, the ARB issued an order dismissing Plaintiff's appeal.[22]

## III. Discussion

### A. Res Judicata

Union Pacific argues that the OSHA action is entitled to res judicata or claim preclusion, which would prevent Plaintiff from bringing the same claims in district court. Res judicata is an affirmative defense on which defendant has the burden of proof.[23] For the doctrine to apply, four elements must exist: (1) a judgment on the merits in the earlier action; (2) identity of the parties or privies in the two suits; (3) identity of the cause of action in both suits; and (4) a full and fair

---

[22] Doc. 39, Ex. 14.

[23] *See* Fed. R. Civ. P. 8(c); *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997).

opportunity for plaintiff to litigate the claim in the first suit.[24]  It is undisputed that the OSHA action involved the same parties as this action.  Plaintiff brought the same claims for retaliatory conduct for asserting violations of federal safety and health laws.  Plaintiff had a full and fair opportunity to litigate his claim during a three-day hearing with testimony, multiple exhibits, post-trial briefs, and representation by counsel.

It is the first element that is at issue in this motion for summary judgment.  Defendant contends that there has been a final judgment on the merits, given that the ALJ rendered a decision on the merits and the ARB has now dismissed the appeal from that decision, rendering the ALJ's decision the final decision on the merits.  Plaintiff contends that the ARB's dismissal was procedural, not a substantive ruling on the merits, and came too late, after Plaintiff filed the instant action in this Court and after 210 days had passed since Plaintiff filed his administrative complaint.

In an Order Denying Motion to Dismiss, issued April 3, 2013, this Court determined that the ALJ's decision could not be given res judicata effect because when this case was filed on July 30, 2012, the administrative action was on appeal to the ARB, more than 210 days had passed since Plaintiff's administrative complaint, and there had been no final decision.  It was only after this action was filed, that the ARB issued an order, on November 19, 2012, dismissing Plaintiff's appeal.  While Defendant contends that it is not asking the Court to reconsider its April 3, 2013 ruling, Defendant nonetheless suggests the same, in this motion for summary judgment.

The Court declines to reconsider its earlier ruling, but even upon reconsideration would

---

[24]*Nwosun*, 124 F.3d at 1257.

not change its ruling. First, this Court finds that the ARB's November 19, 2012 order was not a final decision on the merits of the administrative appeal. Rather, from the context of the order, it appears that the ARB dismissed this appeal to simply close the administrative case in light of the pending action in this court.[25]

In its order, the ARB stated that it dismissed the appeal because Plaintiff had a right, pursuant to the FRSA, to initiate this de novo action in district court since the ARB had not issued a final decision within 210 days of Pfeifer's administrative complaint. The ARB further found that while Pfeifer had failed to give the ARB 15 days of advance notice before filing the action in district court, the FRSA's regulations provide no sanction for failure to abide by the notice requirement.[26] Thus, the ARB dismissed the appeal, citing to 29 C.F.R. § 1982.114, based on Pfeifer's statutory right to file this action. The ARB essentially recognized that this court had jurisdiction under 29 C.F.R. § 1982.114, and dismissed the administrative appeal to close the pending administrative action.

Moreover, whether or not the ARB's order was a final decision on the merits, because the decision was rendered more than 210 days after Plaintiff filed his administrative complaint, the ARB's decision does not deprive nor divest this Court of subject matter jurisdiction. The ARB dismissed the appeal pursuant to the FRSA, which states that:

> [I]f the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have

---

[25]*See Mullen v. Norfolk S. Ry. Co.*, 2014 WL 1370119, at *6 (E.D. Pa. April 8, 2104).

[26]In its April 3, 2013 Order Denying Motion to Dismiss, this Court determined that the fact that Pfeifer did not give the ARB this 15-day notice did not deprive this Court of subject matter jurisdiction.

> jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.[27]

Thus whether the ARB dismissed the action on procedural grounds, or whether the dismissal was a decision on the merits, because more than 210 days had expired, the Court has jurisdiction to hear this case de novo; and for that reason, res judicata does not preclude Plaintiff's claims in this action.

Notably, in its order of dismissal, the ARB interpreted the FRSA in accordance with the case law and the plain language of the FRSA; once 210 days expires without final decision, the FRSA endows on a plaintiff the right to a de novo action in district court. This right exists whether the ALJ proceeding is pending, whether the ALJ has rendered a decision, or whether the ARB has rendered a decision. For example, in *Lynch v. Union Pacific Railroad Co.*,[28] the court held that it had jurisdiction under the FRSA of a lawsuit filed after the ALJ had conducted an extensive evidentiary hearing, but before the ALJ had rendered a decision, where more than 210 days had passed since the plaintiff filed his administrative claim. In *Glista v. Norfolk Southern Railway Co.*,[29] more than 210 days had expired when plaintiff gave notice of intent to file an action in district court. The ALJ responded by issuing an order to show cause why the case should not be dismissed; plaintiff did not respond and the ALJ dismissed the administrative complaint with prejudice.[30] A month after the administrative action was dismissed with

---

[27] 49 U.S.C. § 20109(d)(3).

[28] 2014 WL 2519206, at *4 (N.D. Tex. June 4, 2014).

[29] 2014 WL 1123374, at *1 (E.D. Pa. March 21, 2014).

[30] *Id.*

8

prejudice, the plaintiff filed an FRSA action in district court.[31] That court held that it had jurisdiction under the FRSA because the 210 days had already expired before any final decision had been rendered. And, in *Mullen v. Norfolk Southern Ry. Co.*,[32] during the pendency of an appeal to the ARB, the plaintiff gave notice of his intent to file an action in district court. The ARB then issued a "Final Decision and Order Dismissing the Complaint" before the plaintiff filed his action in district court.[33] Nonetheless, the court held that it had jurisdiction under the FRSA, because 210 days had expired before any final decision of the ARB.[34] Here, the ARB appeal was pending at the time Plaintiff filed this action, and more than 210 days had passed. Thus, this Court has jurisdiction under the FRSA, and there is no claim preclusive effect given to the ALJ's findings in this de novo action before the district court.

### B. *Election of Remedies*

Union Pacific next challenges this Court's jurisdiction under the election of remedies provision of the FRSA, which states that a railroad employee "may not seek protection under both this section [of the FRSA] and another provision of law for the same allegedly unlawful act of the railroad carrier."[35] Defendant contends that the election of remedies provision bars this action because Plaintiff sought protection by appealing his suspension to the PRB, pursuant to the Railway Labor Act ("RLA"),[36] another provision of law, for the same allegedly retaliatory

---

[31]*Id.* at *7.

[32]2014 WL 1370119, at *1–2 (E.D. Pa. April 8, 2104).

[33]*Id.* at *1.

[34]*Id.* at *7.

[35]49 U.S.C. § 20109; *Grimes v. BNSF Ry. Co.*, 746 F.3d 184, 191 (5th Cir. 2014).

[36]45 U.S.C. § 153.

9

conduct by Defendant.

But this Court finds that the election of remedies provision does not apply for two reasons. First, *Plaintiff* did not seek protection, rather his *union* sought protection by appealing Plaintiff's suspension to the PLB, pursuant to the collective bargaining agreement (CBA).

But, even if this distinction is not material, there is a second, compelling, reason the election of remedies provision does not bar this action. Plaintiff and/or his union did not and could not *seek protection under* the RLA. Rather, they sought protection, or enforcement of Plaintiff's rights, *under the CBA*. The RLA, as the Tenth Circuit explained, merely "provides a comprehensive and mandatory framework for resolving labor disputes *under collective bargaining agreements*."[37] And, as the Seventh Circuit explained in *Reed v. Norfolk Southern Railway. Co.*,[38] a person cannot seek protection under the RLA, for the RLA merely serves to compel the person to bring grievances to a specific forum, and "[w]e doubt that a person who arbitrates a grievance based on a private contractual agreement necessarily does so 'under' federal law merely because a federal statute requires that the claim be brought before an adjustment board."[39] This would be akin to the notion that "a litigant seeks protection under the jurisdictional statute for the Court of Appeals for the Federal Circuit . . . when he files an appeal from a final decision of the United States Court of Federal Claims."[40]

---

[37] *Bhd. of Maint. of Way Employes Div. v. BNSF Ry. Co.*, 596 F.3d 1217, 1221 (10th Cir. 2010) (emphasis added).

[38] 740 F.3d 420, 424 (7th Cir. 2014).

[39] *Id.*

[40] *Id.*

The Fifth Circuit[41] and a number of other courts[42] have agreed, focusing not so much on whether someone can *seek protection under the RLA*, given that it does not confer substantive rights, but on the basis that the RLA does not constitute "another provision of law" within the meaning of the FRSA because it merely provides a procedural mechanism to arbitrate disputes but does not confer substantive rights under the CBA or otherwise.[43]  And, the FRSA's unambiguous language clarifies that "[n]othing in this section [20109] shall be deemed to diminish the rights, privileges, or remedies of any employee under any Federal or State law or under any collective bargaining agreement."[44]

Accordingly, the Court finds that the election of remedies provision does not bar Plaintiff's FRSA claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Union Pacific's Motion for Summary Judgment (Doc. 37) is **DENIED**.

Dated: June 7, 2014

                                                 S/ Julie A. Robinson

                                                 JULIE A. ROBINSON

                                                 UNITED STATES DISTRICT JUDGE

---

[41]*Grimes v. BNSF Ry.Co.*, 746 F.3d 184.

[42]*Reed v. Norfolk S. Ry. Co.*, 740 F.3d at 423 (collecting district court cases which held that the RLA was not a "provision of law" within the meaning of § 20109(f)).

[43]Defendant's reliance on *Norfolk & Western Railway Co. v. American Train Dispatchers Assoc.*, 499 U.S. 117, 132 (1991) is misplaced because that case construed the meaning of "all other law" in the Interstate Commerce Act, rather than the statutory language of "another provision of law" in the FRSA.

[44]49 U.S.C. § 2010.

11